UNITED STATES DISTRICT COURT
SOUHERN DISTRICT OF FLORIDA

CASE NO.:

JOSEPH CHIARINO,

    Plaintiff,

v.

UNITED STATES OF
AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, JOSEPH CHIARINO, by and through his undersigned counsel, hereby files his Complaint against the Defendant, UNITED STATES OF AMERICA, and states as follows:

### INTRODUCTION

1. This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to Plaintiff, Joseph Chiarino, by the Department of Veterans Affairs at the West Palm Beach Veterans Affairs Medical Center.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff, Joseph Chiarino has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1.*

4. This suit has been timely filed, in that Plaintiff, Joseph Chiarino, timely served notice of his claim on both the Department of Veterans Affairs and the United States Department of Justice less than two years after the incident forming the basis of this suit.

5. Plaintiff, Joseph Chiarino, is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Veterans Affairs' March 30, 2015 denied the administrative claim.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff, Joseph Chiarino is, and at all times relevant hereto was, a resident of Palm Beach County, Florida.

7. Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Veterans Affairs Medical Center located at 7305 North Military Trail, West Palm Beach, FL 33410.

8. Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, doctors, subcontractors and staff at the West Palm Beach VA Medical Center are hereinafter collectively referred to as "West Palm Beach VA Medical Center."

9. At all times relevant to this Complaint, the West Palm Beach VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

10. At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, doctors, subcontractors, and staff were employed by and/or

acting on behalf of the Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondeat superior.

11. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

12. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts or omissions forming the basis of these claims occurred in the Southern District of Florida.

## FACTUAL ALLEGATIONS

13. On or about September 12, 2012, the Plaintiff began having blood in his urine.

14. During the course of Mr. Chiarino's treatment at the West Palm Beach VA Medical Center performed numerous tests and provided treatment to Mr. Chiarino.

15. Upon information and belief, West Palm Beach VA Medical Center staff failed to identify, diagnose and treat Mr. Chiarino's bladder cancer.

16. As a result of the West Palm Beach VA Medical Center's negligence, Mr. Chiarino's bladder cancer progressed resulting in significant medical care and treatment and Mr. Chiarino continues to receive medical treatment for his condition.

17. Additionally, Mr. Chiarino has endured significant mental and emotional distress and trauma as a result of his injuries.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE

18. Plaintiff, Joseph Chiarino, realleges and reincorporates each and every allegation above as if fully set forth herein.

19. The Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of health care providers, consistent with the expertise that the Defendant presented to the community at large.

20. The Defendant breached its duty of care to Mr. Chiarino.

21. At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents, doctors, subcontractors, and staff in order to meet its standards of quality care of its patients, including Mr. Chiarino. The Defendant knew, or should have known, that the medical staff of the facility was not property qualified, trained and/or supervised, in a manner necessary to provide a level of care for Mr. Chiarino that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

22. The Defendant breached its duty by negligently hiring or supervising incompetent, inexperienced and/or unqualified operators, administrators, employees, agents, doctors, subcontractors, and staff.

23. The Defendant had a duty to hire and retain only competent and adequately trained operators, administrators, employees, agents, doctors, subcontractors and staff in order to meet its standards of quality of care of its patients, including Mr. Chiarino.

24. The Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents, doctors, subcontractors, agents and staff.

25. As a direct and proximate result of the Defendant's negligence, the Plaintiff, JOSEPH CHIARINO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and

aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

26.     The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

27.     The Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

## COUNT II – VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENGY

28.     Plaintiff, Joseph Chiarino, realleges and reincorporates each and every allegation above as if fully set forth herein.

29.     At all times relevant to this case, the directors, officers, operators, administrators, employees, doctors, subcontractors, agents and staff were employed by and/or acting on behalf of the Defendant.

30.     At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, doctors, subcontractors, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

31.     The directors, officers, operators, administrators, employees, doctors, subcontractors, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to Mr. Chiarino, including both acts of omission and acts of commission.

32.     As a direct and proximate result of the Defendant's negligence, the Plaintiff, JOSEPH CHIARINO, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

33. The acts and/or omissions set forth above would constitute a claim under the law of the State of Florida.

34. The Defendant is liable pursuant to 28 U.S.C. §1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH CHIARINO, does hereby pray that judgment be entered in this favor and against the Defendant as follows:

1) Medical expenses incurred in the past, and medical expenses to be incurred in the future; pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future totaling $2,000,000.00; and

2) Costs and attorneys fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated this 9th day of April, 2015.

SCHULER, HALVORSON, WEISSER,
ZOELLER & OVERBECK, P.A.
Attorneys for Plaintiff
Barristers Building, Suite 4-D
1615 Forum Place
West Palm Beach, FL 33401
Telephone: (561) 689-8180
Facsimile: (561) 684-9683
jweisser@shw-law.com
michele@shw-law.com
dhoyoun@shw-law.com

By: _____
Jason D. Weisser, Esq.
Florida Bar No: 101435

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: US DEPARTMENT OF HEALTH & HUMAN SERVICES  CHIEF COUNSEL, DANA PETTI  SAM NUNN ATLANTA FEDERAL CENTER  61 FORSYTH ST SW, SUITE 5M60  ATLANTA, GA 30303-8909 | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. JOSEPH A. CHIARINO |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 02/11/47 | 5. MARITAL STATUS MARRIED | 6. DATE AND DAY OF ACCIDENT 05-23-13 | 7. TIME (A.M. OR P.M.) UNKNOWN |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

ATTENDING PHYSICIANS AT THE VA HOSPITAL IN WEST PALM BEACH FAILED TO DIAGNOSE AND TREAT CLAIMANT FOR BLADDER CANCER. THE FAILURE TO DIAGNOSE AND TREAT THE CONDITION DIRECTLY CAUSED THE INJURIES LISTED BELOW.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

- ADVANCED BLADDER CANCER  - ERECTYLE DYSFUNCTION  - MULTIPLE SURGICAL PROCEDURES INCLUDING BUT NOT LIMITED TO ORGAN REMOVAL
- CONSTANT PAIN  - MENTAL ANGUISH
- INCONTINENCE  - LOSS OF CAPACITY FOR THE ENJOYMENT OF LIFE

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| 1) MULTIPLE TREATING PHYSICIANS AT V.A. HOSPITAL & AFFILIATES * PLEASE SEE ATTACHED RECORD | |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY $2,000,000 — | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). $2,000,000 — |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). Joseph A. Chiarino | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE 08-11-14 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction  
Previous Edition is not Usable  
95-109


NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)  
PRESCRIBED BY DEPT. OF JUSTICE  
28 CFR 14.2


PLAINTIFF'S EXHIBIT

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15.** Do you carry accident insurance? ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

**16.** Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes  ☒ No   **17.** If deductible, state amount.

**18.** If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

**19.** Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons; preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
 A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV (2/2007) BACK